IN THE UNITED STATE DISTRICT COURT
IN AND FOR THE DISTRICT OF NEW MEXICO

NEIL BERNSTEIN,                                              Case No. 1:11 cv 00783
        Plaintiff,
v.

MATTHEW A. ROMERO,
        Defendant,

**COMPLAINT FOR PERSONAL INJURY DAMAGES**

COMES NOW, the Plaintiff, by and through his attorneys Vance, Chavez & Associates, LLC (James A. Chavez, P.C.) and for his complaint for personal injuries, states:

1. Plaintiff is a resident of Arizona and Pennsylvania and at no time has he been a resident of New Mexico.

2. The Defendant is a resident of New Mexico.

3. The amount in controversy exceeds $75,000.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

5. This cause of action arising from an incident that occurred in Santa Fe, New Mexico on September 9, 2008.

6. Plaintiff is a renowned national artist.

7. In and during 2008 Plaintiff was installing a large art work in the City of Santa Fe. The work concerned the issues surrounding immigration into the United States along its southwestern boarder.

8. At various times, the Plaintiff's artwork drew criticism from various persons, including the Defendant. In fact the Defendant had used offensive and bigoted language in describing the Plaintiff and his artwork.

9. The artwork was scheduled to be placed at the Santa Fe Rail Yards near the growers market.

10. In the early morning hours of September 9, 2008, while Plaintiff and his assistant were working on the artwork, the Defendant and various other vendors were preparing for the opening of the growers market.

11. The Defendant made several rude comments to Plaintiff as he passed him. Defendant then took an object from Plaintiff's assistant's hand and threw it toward the assistant in a rude and insolent manner. Defendant also destroyed a piece of artwork that was near Plaintiff and his assistant and then fled the scene after shouting obscenities at Plaintiff and his assistant.

12. Plaintiff stood to call the police about the incident. He was on a sidewalk near the entrance to the growers market.

13. Defendant had gone to his truck that was on the other side of the street. Defendant then drove his truck to the sidewalk where Plaintiff was standing and drove onto the person of Plaintiff.

14. As a result of the impact, Plaintiff was thrown to the ground and suffered immediate pain and discomfort.

15. Defendant exited the truck and confronted the Plaintiff as he lay on the ground. Defendant kicked Plaintiff's hand dislodging a set of keys that Plaintiff was holding.

16. As a result of the incident, Plaintiff has suffered physical injuries, pain and suffering and other consequential damages.

## COUNT I NEGLIGENCE

17. Defendant had a duty to drive his vehicle in reasonably safe manner, especially in the congestion of the Santa Fe growers market.

18.     Defendant breached that duty by failing to keep a safe distance from Plaintiff and by driving his vehicle in such a manner as to cause it to collide with the person of Plaintiff while Plaintiff was on a city sidewalk.

19.     Defendant's actions were in reckless disregard for the rights of Plaintiff, entitling the Plaintiff to punitive damages against the Defendant.

20.     As a direct and proximate cause of Defendant's negligence, the Plaintiff suffered serious injuries, pain and suffering, medical expenses, temporary and permanent disabilities and conditions and other consequential damages in an amount to be demonstrated by the evidence, but in excess of $75,000.

## COUNT II BATTERY

21.     Plaintiff incorporates the previous paragraph as if state in full herein.

22.     In the alternative, Plaintiff avers that Defendant acted intentionally in driving his vehicle onto the sidewalk and deliberately using his truck to commit a battery upon the person of Plaintiff.

23.     Defendant's actions were willful and wanton, and Plaintiff is entitled to an award of punitive damages.

24.     As a direct and proximate cause of Defendant's negligence, the Plaintiff suffered serious injuries, pain and suffering, medical expenses, temporary and permanent disabilities and conditions and other consequential damages in an amount to be demonstrated by the evidence, but in excess of $75,000.

WHEREFORE, Plaintiff asks this Court to enter a judgment in Plaintiff's favor and against the Defendant for actual and consequential damages to be proven by the evidence, for punitive damages and for other relief the Court deems proper.

        VANCE, CHAVEZ & ASSOCIATES, LLC

        <u>*Electronically signed 9/2/11*</u>
        James A. Chavez
        Attorneys for Plaintiff
        P.O. Box 25025
        Albuquerque, NM 87125
        505 842-6626