IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NEIL BERNSTEIN,**

          **Plaintiff,**

vs.                                                                      Civ. No.  11-783 JCH/ACT'

**MATTHEW A. ROMERO and
ROMERO FARMS, LLC, a New Mexico
limited liability company,**

          **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' *Motion to Dismiss for Lack of Subject Matter Jurisdiction* [Doc. No. 9], in which Defendants contend that this Court lacks subject matter jurisdiction in this diversity case because the required amount in controversy has not been satisfied. After reviewing the First Amended Complaint, the briefs submitted by counsel, and the evidence, the Court concludes that the motion to dismiss should be denied.

## BACKGROUND FACTS

This is a personal injury case in which the Plaintiff, Neil Bernstein ("Bernstein"), a resident of Arizona and Pennsylvania, has sued Defendants Matthew A. Romero ("Romero") and Romero Farms, LLC, citizens of New Mexico, for negligence and battery. The case arises from a confrontation between Bernstein and Romero in Santa Fe, New Mexico on September 9, 2008. According to the First Amended Complaint [Doc. No. 3], Bernstein is a renowned national artist who was installing a large art work at the Santa Fe Rail Yards when Romero, who was at the nearby growers' market, made rude comments to Bernstein and destroyed a piece of his artwork.

According to Plaintiff, while he stood on the sidewalk near the entrance to the growers' market to call the police, Romero drove his truck onto the sidewalk and struck Bernstein. Bernstein claims that he is entitled to compensation for pain and suffering, medical expenses, permanent disabilities, as well as punitive damages, all in excess of $75,000.

## DISCUSSION

Defendants contend that the Court should dismiss this case for lack of subject matter jurisdiction because Bernstein has failed to meet his burden to demonstrate that the amount in controversy has been satisfied.

Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires a diversity of citizenship between the parties and an amount in controversy that exceeds "$75,000, exclusive of interest and costs." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008) (quoting 28 U.S.C. § 1332(a)). When faced with a challenge to the amount in controversy, the party seeking to assert federal court jurisdiction—in this case, Bernstein—must demonstrate the potential to recover over $75,000 on his claims. *See Woodmen of World Life Ins. Soc. v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003) (describing the plaintiff's burden as demonstrating that "it is not legally certain that the claim is less than the jurisdictional amount").

"The amount claimed by the plaintiff in [his] complaint generally controls and 'alone can be sufficient' to support subject matter jurisdiction." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011) (quoting *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)). *See also McPhail*, 529 F.3d at 952 (noting that to maintain federal court jurisdiction, "all the plaintiff needs to do is allege an amount in excess of $75,000 and he will get his way"). "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable

relation to the minimum jurisdictional floor." *Adams*, 225 F.3d at 1183 (internal quotation marks omitted). The plaintiff may supplement the allegations in the complaint with "affidavits or other evidence." *McPhail*, 529 F.3d at 956.

Assuming that the plaintiff has met its prima facie obligation to establish the amount in controversy, then the defendant has an opportunity to challenge that showing. *See Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994). But the Tenth Circuit has cautioned that "[t]he legal certainty standard is very strict. . . . [I]t is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied." *Marcus Food Co.*, 671 F.3d at 1171 (quoting *Woodmen of World Life Ins. Soc*., 342 F.3d at 1216)). Thus, dismissal on amount-in-controversy grounds is generally "warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Id*. at 1217.

Here, Bernstein has alleged that while he was standing on a sidewalk, Romero struck him with his truck, throwing him to the ground. Doc. No. 3 at ¶ 15. Bernstein further alleges that Romero kicked his hand as he lay on the ground. *Id*. at ¶ 17. He alleges that he suffered immediate pain, *i*d. at ¶ 16, and that he incurred "medical expenses, temporary and permanent disabilities, and conditions." *Id*. at ¶ 26. Bernstein further requests punitive damages. In an affidavit attached to his response to the motion to dismiss, Bernstein avers that as a result of Romero hitting him with his truck, Bernstein has incurred over $36,000 in medical expenses, including a spinal surgery, and that the incident has aggravated some pre-existing conditions. Ex. 1 to Doc. No. 14. He further contends that his injuries have impaired his abilities to do artwork. *Id*. The Court concludes that these allegations and the averments in Bernstein's affidavit—which are unrebutted by any evidence from the Defendants—adequately support the conclusion that more than $75,000 is at issue in this

case.[1]  The Court understands that Defendants dispute the facts relating to liability and damages as alleged by Bernstein.  However, that is a separate issue.  As explained by the court in *Woodmen of World Life Ins. Soc.*, *supra*, Bernstein must merely demonstrate that it is not certain that his claim is for less than $75,000.  At this stage of the case, Bernstein has met his burden to show that the amount in controversy is satisfied.

**IT IS THEREFORE ORDERED** that Defendants' *Motion to Dismiss for Lack of Subject Matter Jurisdiction* [Doc. No. 9] is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

---

[1] In his affidavit, Bernstein also avers that Romero destroyed one of Bernstein's paintings that was worth at least $75,000.  Defendants object on the grounds that Bernstein provides no factual basis for his conclusory statement regarding the painting's worth, and also on the grounds that while he has alleged in his Amended Complaint that Romero destroyed a piece of his artwork, he did not specifically plead that he was entitled to compensatory damages for the painting.  The Court need not reach this issue, however, because it concludes that Bernstein has satisfied the amount in controversy even without reference to the painting.